Minute Order Form (06/97)

JSD

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1381 | **DATE** | 7/28/2004 |
| **CASE TITLE** | Lazaro vs. Ashcroft, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, respondents' motion for summary judgment is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 29 2004 date docketed | 10 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 2004 JUL 28 PM 2:57 FILED Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

| | |
|---|---|
| LINARES D. LAZARO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 04 C 1381 |
| ) | |
| JOHN ASHCROFT, United States Attorney General; ) | Judge John W. Darrah |
| and BRIAN PERRYMAN, District Director of the ) | |
| United States Immigration and Naturalization Service, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Linares Lazaro, filed a Petition for Writ of Habeas Corpus, alleging that he is being illegally detained. Presently before the Court is Respondents' Motion for Summary Judgment.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts. *See Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001).

In the instant case, Petitioner did not file a response to Respondents' motion and has not disputed any of Respondents' statements of material facts. Therefore, all the material facts averred

by Respondents are deemed admitted. *See Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1(b)(3)(B). Even though the Petitioner failed to respond to Respondents' statement of material facts and such facts are deemed admitted, Respondents' Motion for Summary Judgment will only be granted if they can demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Petitioner is a forty-six-year-old male, native and citizen of Cuba, who arrived in the United States at Key West, Florida in 1980 on the Mariel boat lift. Petitioner was taken into Respondents' custody on May 30, 2003, after he completed a sentence in the Wisconsin state prison for the convictions of battery and retail theft. Petitioner had previously been paroled out of custody by the Immigration and Naturalization Service on April 9, 1993. (Resps.' 56.1(a)(3) Statement ¶ 7). Petitioner is subject to a final order of removal/exclusion from the United States and has been found to be a non-citizen of the United States and to be excludable/inadmissible from the United States. (Id., ¶ 1). The United States is currently unable to deport, exclude or remove individuals such as Petitioner to his country of origin. (Id., ¶ 3). Furthermore, because Petitioner is a native and citizen of Cuba, there is no reasonable likelihood that Respondents can effectuate his exclusion/removal in the foreseeable future. (Id., ¶ 5).

On August 27, 2003, pursuant to the federal regulations, 8 C.F.R. § 212.12, a Cuban Review Panel convened in Kenosha County Detention Facility to interview Petitioner on his parole request. After the review was completed, the panel drafted its recommendation regarding Petitioner's release. (Resps'. 56.1(a)(3) Statement ¶ 8). The panel concluded that while the Petitioner was credible and that he "readily admitted to his criminal background and expressed remorse for his actions," it was

2

unable to conclude that the Petitioner was non-violent, not likely to pose a threat to the community following his release, and not likely to violate the conditions of his parole. The panel's recommendations were reviewed by the Associate Commissioner for Enforcement as part of the Cuban Parole Review Plan, United States Department of Homeland Security, Immigration and Customs Enforcement, Washington, D.C. The Associate Commissioner concluded that he was unable to recommend release at that time. Petitioner remains in the United States' custody and may have his parole status reconsidered November 3, 2004. (Id., ¶¶ 2, 9).

Relying on the ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner alleges that his detention is not authorized by statute, 8 U.S.C. § 1231(a)(6), and that his continued detention violates his due process rights.

In *Zadvydas*, the Court held that six months is a presumptively reasonable period of time to effect removal. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 700. If removal of the alien is not reasonably foreseeable, continued detention is unreasonable and no longer authorized by statute. *Zadvydas*, 533 U.S. at 699-700.

In the instant case, Petitioner has been in custody for over one year, and there is no reasonable likelihood that exclusion or removal can take place in the foreseeable future. However, *Zadvydas* applies only to "aliens who were admitted to the United States but subsequently ordered removed. Aliens who have not yet gained initial admission to this country . . . present a very different question." *Zadvydas*, 533 U.S. at 682. Petitioner in the instant case is in this latter category of aliens. Such aliens can be constitutionally detained indefinitely if his country of origin refuses

3

to accept his return. *See Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215-16 (1953); *Carrera-Valdez v. Perryman*, 211 F.3d 1046 (7th Cir. 2000) (finding no constitutional violation in the indefinite detention of excludable alien who is subject to mandatory administrative review process that annually reevaluates his parole eligibility). In *Hoyte-Mesa v. Ashcroft*, 272 F.3d 989, 991 (7th Cir. 2001) (*Hoyte-Mesa*), the Seventh Circuit held that the Supreme Court's holding in *Shaughnessy* was unaffected by the *Zadvydas* decision. As such, the rulings in *Shaughnessy* and *Carrera-Valdez* remain controlling. *See Hoyte-Mesa*, 272 F.3d at 991.

Because Petitioner was never granted admission to the United States prior to his exclusion, the Fifth Amendment does not provide him the same protections as resident aliens who are subsequently ordered removed. *See Hoyte-Mesa*, 272 F.3d at 991. The Cuban Review Panel provides Petitioner with the right to an annual review of his detention. 8 C.F.R. § 212.12. This review satisfies Petitioner's due process rights and allows for his continued detention. *See Espino-Paez v. Ashcroft*, 2004 WL 1179395 (N.D. Ill. May 27, 2004); *Alzaidi v. Ashcroft*, 2004 WL 756565 (N.D. Ill. Feb. 25, 2004); *Rodriguez v. Ashcroft*, 2003 WL 21654150 (N.D. Ill. July 14, 2003); *Tero-Porro v. Ashcroft*, 2003 WL 21312665 (N.D. Ill. June 2, 2003) (collectively, finding indefinite detention of aliens of the Mariel boat lift did not violate federal constitutional law or 8 U.S.C. § 1231(a)(6)).

For the forgoing reasons, Respondents' Motion for Summary Judgment is granted.

Dated: 7-28-04

JOHN W. DARRAH
United States District Judge

4